IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Guild Mortgage Company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>David K. Davenport; Barbara Davenport; Jeffrey M. Taylor; John DOES 1-10; Jane DOES 1-10; DOE Partnerships 1-10; DOE Corporations 1-10; DOE Entities 1-10; and DOE Governmental Units 1-10,<br><br>　　　　Defendants. | Civ. No. 10-00314 HG-KSC |

**ORDER GRANTING GUILD MORTGAGE COMPANY'S
MOTION TO DISMISS**

On June 2, 2010, David K. Davenport, appearing pro se, filed a document two inches thick with a title that takes up three pages and begins: "<u>MERGED NOTICE OF REMOVAL</u>; THE <u>MERGED REMOVAL ACTION</u> OF CIVIL NO. <u>08-1-1268-06</u>; . . . ." The caption contains ten other proceeding numbers, some state court cases and some which appear to be administrative actions. The caption names the parties as Guild Mortgage Company, Plaintiff, and David K. Davenport, Barbara Davenport, Jeffrey M. Taylor and various DOE entities as the Defendants. The first twenty-five pages are largely incomprehensible. They appear to try to allege various consumer rights connected to a foreclosure action which reached a final judgment in January 2010. Mr. Davenport merges into the

1

allegations various complaints he has about employment actions he was engaged in starting back in at least 1994. The remainder of the two inch thick filing contains attachments of various aspects of the multiple proceedings he wishes to incorporate here without differentiation.

While the word removal is mentioned in the three page caption, there is no resemblance to a removal action. At best, the complaint can be characterized as a failed attempt to bring a new action in federal court summarizing the disparate proceedings Mr. Davenport has been involved in over the last two decades.

Guild Mortgage Company MOVES TO DISMISS for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Motion is **GRANTED.**

**PROCEDURAL HISTORY**

On June 2, 2010, David K. Davenport filed a Complaint/"Merged Notice of Removal." (Doc. 1).

On December 1, 2010, Guild Mortgage Company filed a Motion to Dismiss. (Doc. 10).

On December 20, 2010, Davenport filed an Opposition. (Doc. 12).

On February 18, 2011, Guild Mortgage Company filed a Reply. (Doc. 13).

Pursuant to Local Rule of Civil Procedure 7.2(d), the Court

elected to decide the Motion without a hearing. (Doc. 14).

## BACKGROUND

Mr. Davenport's Complaint is difficult to decipher and largely incomprehensible. The Complaint alleges various forms of wrongdoing, many of which relate to a mortgage loan that Mr. Davenport obtained from Guild Mortgage Company ("Guild Mortgage"). The Complaint refers to a "malicious foreclosure," to "truth in lending" violations, and to abuses of the Fair Debt Collection and Procedure Act. (Complaint at 3-4 (Doc. 1)). Among numerous other allegations of wrongdoing, the Complaint references "**disability insurance claims for incapacitation from work** as decided by the Hawaii Supreme Court." (Id.) (emphasis in original). In addition to asserting various claims for relief, the Complaint is an attempt to remove and consolidate multiple state court actions.

Mr. Davenport attached copies of various filings from state court proceedings to his Complaint. The filings include an action that appears to have been initiated by Mr. Davenport with a worker's compensation claim submitted to the State of Hawaii Department of Labor and Industrial Relations Disability Compensation Division on April 8, 1996. (See Exhibit A to Complaint (Doc. 1-1)). The action apparently proceeded before the State of Hawaii Labor and Industrial Relations Appeal Board as <u>David K. Davenport v. City and County of Honolulu, Honolulu Fire Department</u>,

3

Case No. AB 96-727, and eventually reached the Hawaii Supreme Court. (See Id.).

Guild Mortgage is not a party to Mr. Davenport's worker's compensation action. Guild mortgage points out that it has no connection to the various court filings that are attached to the Complaint. (Memorandum in Support of Motion to Dismiss at 1 (Doc. 10-1)). Guild Mortgage states that it previously brought a foreclosure action against Mr. Davenport in the First Circuit of the State of Hawaii: Guild Mortgage Company v. David Davenport, et al., Civ. 06-1-0537. (Id. at 2). Final judgment was entered in that action in January of 2010.[1] (Id.).

**STANDARD OF REVIEW**

Guild Mortgage moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.  **Subject Matter Jurisdiction**

A case is properly dismissed for lack of subject matter

---

[1] Guild Mortgage attached a copy of the docket from the state foreclosure action, which shows that a final judgment was entered in January 2010. Mr. Davenport does not dispute that a final judgment was entered in that month. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the status of this state court proceeding.

4

jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the constitutional or statutory power to adjudicate the case. A challenge to the Court's subject matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the "challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. In a factual attack, the "challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

When the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The party seeking to invoke the jurisdiction of the Court has the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

II. **Failure to State a Claim**

The Court may dismiss a complaint as a matter of law pursuant

5

to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable

in all civil cases. 129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

**ANALYSIS**

Guild Mortgage moves to dismiss for lack of subject matter jurisdiction, and for failure to state a claim.  Guild Mortgage argues that: (1) insofar as the Complaint is an attempt at removal, it does not comply with the requirements of 28 U.S.C. § 1446 and is

7

improper; (2) Mr. Davenport's claims were already adjudicated in state court and review is barred by res judicata; (3) the Court lacks subject-matter jurisdiction to review the state court actions under the Rooker-Feldman doctrine; and (4) the Complaint fails to state a claim for relief that is plausible on its face. These arguments are considered in turn.

**I.  Removal Is Improper**

To the extent the Complaint seeks to remove and combine state court actions, the removal is plainly improper. The removal statute does not authorize the removal and "merger" of multiple state court actions. See 28 U.S.C. §§ 1441, 1446. Mr. Davenport's notice of removal also fails to meet the procedural requirements of 28 U.S.C. § 1446. A defendant seeking to remove a civil action from state court must file a notice of removal containing a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The "Merged Notice of Removal" does not contain a statement of the grounds for removal. The Notice contains 25 pages of allegations of wrongdoing and claims for relief; as discussed, the document is a Complaint rather than a notice of removal.

The voluminous documents attached to the Complaint appear to relate to a worker's compensation claim in which Mr. Davenport was the Claimant/Appellant, and not a defendant. (See Exhibits to

8

Complaint (Docs. 1-1 to 1-17)). The right to remove a state court case to federal court is limited to defendants. <u>American Intern. Underwriters (Philippines, Inc. v. Continental Ins. Co.</u>, 843 F.2d 1253, 1261 (9th Cir. 1988); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States . . . ." (emphasis added). Putting aside the many jurisdictional and statute of limitations issues present, it is clear Mr. Davenport was not a defendant in his worker's compensation action, and cannot remove it to state court.

To the extent Mr. Davenport is seeking to remove the foreclosure action brought by Guild Mortgage Co., <u>Guild Mortgage Company v. David Davenport, et al.</u>, Civ. 06-1-0537, the removal of that action similarly fails to meet the procedural requirements. Mr. Davenport did not provide a short and plain statement of the grounds for removing the action, and did not attach copies of the filings from that case to the notice of removal.

The removal of the foreclosure action also fails because a final judgment was issued and the time period for an appeal expired.[2] <u>See</u> <u>Resolution Trust Corp. v. Bayside Developers</u>, 43 F.3d

---

[2]Guild Mortgage also argues that any attempt at removal is untimely. A defendant seeking to remove a state court action must file a notice of removal within thirty days of receiving a

1230, 1237 (9th Cir. 1994) (holding that removal was appropriate because appellate proceedings had not yet been exhausted); accord In re Meyerland Co., 910 F.2d 1257, 1266 (5th Cir. 1990) (Higginbotham, J., concurring in part and dissenting in part) ("It is of course plain that no case may be removed once the state appellate process has been exhausted."). According to Guild Mortgage, the foreclosure action was filed on March 29, 2006, Mr. Davenport filed an answer to it on July 28, 2006, and a final judgment in the case was issued on January 12, 2010. As evidence, Guild Mortgage attached a declaration from its attorney, Mary Martin, and a copy of the docket from the state court foreclosure action. (Declaration of Mary Martin (Doc. 10-2)); (Copy of <u>Guild Mortgage Co. v. David Davenport, et al.</u>, Civ. 06-1-0537 Docket (Doc. 10-3)). Ms. Martin avers that Doc. 10-3 is a copy of the docket sheet from the foreclosure action. (Declaration of Mary Martin at 2 (Doc. 10-2)). She avers that Guild Mortgage was

---

copy of the initial pleading or, if the initial pleading is not removable, within thirty days of receipt of a paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b); <u>Destfino v. Reiswig</u>, 630 F.3d 952, 955, 956 (9th Cir. 2011). Guild Mortgage submitted evidence, which Mr. Davenport does not dispute, that Mr. Davenport was served with the state court complaint on July 11, 2006. Mr. Davenport's right to remove the foreclosure action (assuming a jurisdictional basis for removal existed) expired on August 11, 2006. An objection to a removal on timeliness grounds, however, must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). The notice of removal was filed on June 2, 2010. Mr. Davenport submitted evidence that he served the notice on Guild Mortgage on June 2, 2010. (Doc. 1-18).

granted summary judgment against all defendants in the action on March 17, 2008, and the foreclosure was completed in January 2010. (Id.). The docket shows that Mr. Davenport was served with a copy of the complaint on July 11, 2006, and that he filed an answer to it on July 28, 2006. (Doc. 10-3 at 1). It shows that Guild Mortgage was granted summary judgment and a decree of foreclosure on March 17, 2008, and that a "Judgment On Order Approving Report Of Commissioner Confirming Commissioner's Sale Of Property At Public Auction" was entered on January 12, 2010. (Id. at 3). Under the Hawaii Rules of Appellate Procedure, a notice of appeal must be filed within 30 days after entry of the judgment or appealable order. Haw. R. App. P. 4(a)(1). Mr. Davenport did not appeal the First Circuit Court's entry of judgment within 30 days.

Mr. Davenport does not dispute the accuracy of these dates. His right to remove the foreclosure action (assuming a jurisdictional basis for removal existed) ended after his time for an appeal expired on February 11, 2010. The removing defendant bears the burden of establishing, by a preponderance of the evidence, that removal is proper. Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). There is a strong presumption against removal jurisdiction and federal courts sitting in the Ninth Circuit "strongly construe the removal statute against

11

removal jurisdiction." See Geographic Expeditions, Inc., 599 F.3d at 1107.

Under 28 U.S.C. § 1446(c)(4), "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." It is clear on the face of the filing that begins its three page title with "Merged Notice of Removal" that a removal action is not before this Court. Because Mr. Davenport is pro se, however, the Court construes his filing liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). As discussed above, Mr. Davenport's "Merged Notice of Removal" can be construed as a complaint. Because the Court construes the pleading as a complaint, the Court does not remand the action to state court. Instead, the Court will address whether there is subject-matter jurisdiction and, if so, whether the Complaint states a claim.

**II. Res Judicata, Timeliness, and The Rooker/Feldman Doctrine**

Guild Mortgage argues that Mr. Davenport's foreclosure related claims are barred by res judicata because the foreclosure was already adjudicated in state court. Guild Mortgage argues that the claims are moot because the foreclosure was completed and Mr. Davenport's time period to appeal the final judgment upholding the foreclosure expired. Guild Mortgage also argues that review of the foreclosure related claims is barred by the Rooker-Feldman doctrine, which precludes federal district courts from exercising

jurisdiction over claims that are "inextricably intertwined" with a state court's decision in a particular case. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983).

To the extent Mr. Davenport is challenging the foreclosure, his claims are likely barred by all three grounds identified by Guild Mortgage. Mr. Davenport's claims, however, are by no means clear. Because the Complaint is largely incomprehensible, the Court does not reach the question of the extent to which Mr. Davenport's "claims" are barred by the state court foreclosure action.

**III. Subject Matter Jurisdiction**

In connection with its various arguments for dismissal, Guild Mortgage argues that the Court lacks subject matter jurisdiction. Mr. Davenport failed to assert a basis for the Court's subject-matter jurisdiction in his Complaint. Once a party has moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the party opposing the motion has the burden of establishing that the Court has jurisdiction. See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

In his Opposition to the Motion to Dismiss, Mr. Davenport states that the Court has diversity jurisdiction under 28 U.S.C. § 1332. In its Reply, Guild Mortgage does not dispute that the parties are diverse and that the amount in controversy is more than $75,000. Mr. Davenport also states that there is federal question

jurisdiction because he has asserted civil rights claims under 42 U.S.C. § 1983. While Mr. Davenport's actual allegations are largely incomprehensible, his characterization of his allegations in his Opposition would state a plausible basis for the Court's jurisdiction.

**IV. Failure To State A Claim**

Finally, Guild Mortgage argues that the Complaint fails to state a claim that is plausible on its face. The Court may dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Mr. Davenport's Complaint does not contain a short and plain statement of his claims for relief. As the Court has pointed out, Mr. Davenport's Complaint is largely incomprehensible, fashioned from a collection of past proceedings. The Complaint fails to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The factual allegations and claims in Mr. Davenport's Complaint cannot be deciphered, and the

Court cannot infer that Guild Mortgage is liable for any misconduct. The Complaint fails to state a claim.

Guild Mortgage's Motion to Dismiss the Complaint is **GRANTED.** Because the Complaint is deficient on multiple grounds (including being improper to the extent it attempts to be treated as a removal action), and the Court finds that leave to amend would be futile, the Complaint/"Merged Notice of Removal" is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

Guild Mortgage's Motion to Dismiss the Complaint/"Merged Notice of Removal" (Doc. 10) is **GRANTED.**

The Complaint/"Merged Notice of Removal" (Doc. 1) is **DISMISSED WITH PREJUDICE.** The Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED: April 18, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Guild Mortgage Company v. David K. Davenport, et al.;* Civil No. 10-00314 HG-KSC; **ORDER GRANTING GUILD MORTGAGE COMPANY'S MOTION TO DISMISS.**